[799 NYS2d 92]

In the Matter of DAVID B. DUBOFF (Admitted as DAVID BENNETT DUBOFF), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, July 5, 2005

APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Forrest Strauss* of counsel), for petitioner.

*Michael S. Ross*, New York City, for respondent.

## OPINION OF THE COURT

Per Curiam.

The petitioner served the respondent with a petition dated March 17, 2003, containing 19 charges of professional misconduct. The parties stipulated to amend the petition on September 24, 2003, to contain only 13 charges. After a hearing, the Special Referee sustained Charges One through Ten and did not sustain Charges Eleven, Twelve, and Thirteen. The petitioner moves to confirm in part and disaffirm in part the report of the Special Referee, and to impose such discipline upon the respondent as the Court deems just and proper. The respondent opposes the motion and cross-moves to confirm in part and disaffirm in part the report of the Special Referee, and to impose no discipline more severe than a public censure.

Charge One alleged that the respondent breached his fiduciary duty in turning over full control of David Duboff, P.C. (hereinafter DDPC) and attorney trust accounts to a third-party nonattorney, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). The respondent incorporated the law firm of DDPC at the request of Island Mortgage Network (hereinafter IMN), a licensed mortgage lending institution, in fulfillment of a condition of his employment as IMN's closing agent and in return for an annual payment of $120,000.

Charge Two alleged that the respondent engaged in conduct that adversely reflects on his fitness to practice law by allowing a nonattorney to conduct the business of DDPC in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]) based upon, inter alia, the factual allegations of Charge One and that the respondent had no involvement with the hiring and firing of employees, did not know the number of its employees, and was not privy to DDPC's corporate books. The respondent failed to supervise DDPC, its employees, files, accounts, or activities as IMN's closing agent in any meaningful

way. To protect himself against liability for negligence or wrongful acts by IMN employees and due to his concerns regarding possible dishonored checks written against his trust accounts, the respondent obtained from IMN an indemnification agreement dated December 1, 1996.

Charge Three alleged that the respondent engaged in conduct that adversely reflects on his fitness to practice law by allowing a nonattorney to make withdrawals from his attorney trust account without supervision in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). The respondent maintained an account at the First National Bank of Long Island (hereinafter First National). The account was entitled "David Duboff, P.C., Attorney Trust Account." In or about 1996 when the respondent opened that account, he permitted the use of a stamp, in lieu of his signature, to issue checks. The respondent permitted the Comptroller of IMN, not an employee of DDPC, to have exclusive use and control of the signature stamp and to issue all checks from the trust account using the stamp with little or no supervision from him.

Charge Four alleged that the respondent failed to exercise his supervisory responsibilities and breached his fiduciary duties, in violation of Code of Professional Responsibility DR 1-104 (d) (2) (22 NYCRR 1200.5 [d] [2]) based upon the factual allegations of Charge Three.

Charge Five alleged that the respondent engaged in conduct that adversely reflects on his fitness to practice law by creating a situation that enabled a person not admitted to practice in New York to open an attorney trust account in the respondent's name and make withdrawals without the respondent's supervision, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). This charge is based upon the factual allegations in Charge Three and the allegation that on or about February 12, 1999, account No. 417071 , entitled "David Duboff, P.C., Attorney Trust Account," was opened at the State Bank of Long Island (hereinafter State Bank) and that the respondent's signature stamp was used to issue checks and to stop payments on that account.

Charge Six alleged that the respondent breached his fiduciary duties, in violation of Code of Professional Responsibility DR 1-104 (d) (2) (22 NYCRR 1200.5 [d] [2]), by failing to exercise his supervisory responsibilities based upon the factual allegations of Charge Five.

Charge Seven alleged that the respondent permitted a nonattorney to issue checks from his attorney escrow account, in

violation of Code of Professional Responsibility DR 9-102 (e) (22 NYCRR 1200.46 [e]), based upon the factual allegations of Charges Three and Five.

Charge Eight alleged that the respondent breached his fiduciary duty in failing to maintain sufficient funds in his attorney trust account, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), based upon the factual allegations of Charge Three, subparagraph one, and the fact that the respondent knew or should have known that the account at issue had eight negative balances, reaching as much as $793,408.32, during the period January 6, 1997, through January 29, 1997.

Charge Nine alleged that the respondent breached his fiduciary duty in failing to maintain sufficient funds in his attorney trust account, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), based upon the factual allegations of Charge Five and that the respondent knew or should have known of the existence of the trust account and/or that the trust account had repeated negative balances during the calendar year 2000.

Charge Ten alleged that the respondent engaged in conduct that adversely reflects on his fitness to practice law by failing to exercise dominion and control over his escrow account and breached his fiduciary duty, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), based upon the factual allegations of Charge Three, subparagraph one, and, upon the respondent's delegation of the responsibility to review the monthly statements from First National to individuals with whom he worked and his failure to instruct them to advise him of any bounced checks, stop payment orders, or negative balance.

The credible evidence adduced and the reasonable inferences to be drawn therefrom support the Special Referee's findings in sustaining Charges One through Ten and in not sustaining Charges Eleven, Twelve, and Thirteen. The petitioner's motion to confirm is granted with respect to Charges One through Ten and denied with respect to Charges Eleven, Twelve, and Thirteen. The respondent's cross motion is granted to the extent that Charges Eleven, Twelve, and Thirteen are not sustained, and is otherwise denied.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider that although federal authorities prosecuted and civilly charged various

individuals involved in the underlying enterprise, the respondent was not so charged. He states that he acted in good faith based upon the advice he sought from outside ethics counsel, and that the credible character evidence presented at the hearing demonstrates his reputation for honesty, trustworthiness, and integrity. The respondent also points out that in his 25 years of practice, he was the subject of only one attorney disciplinary proceeding and he requests that the Court not place significance on that matter. The petitioner's records confirm a disciplinary history consisting of one letter of caution, dated October 6, 1993, which emanated from a February 1990 refinance closing. The respondent had deposited client funds together with personal funds in an operating account, and represented conflicting parties, a real estate client and the title company, in a single transaction.

Under the totality of the circumstances, the respondent is suspended from the practice of law for a period of five years.

PRUDENTI, P.J., FLORIO, H. MILLER, SCHMIDT and CRANE, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted to the extent of sustaining Charges One through Ten and is otherwise denied; and it is further,

Ordered that the respondent's cross motion is granted to the extent that Charges Eleven, Twelve, and Thirteen are not sustained and is otherwise denied; and it is further,

Ordered that the respondent, David B. Duboff, admitted as David Bennett Duboff, is suspended from the practice of law for a period of five years, commencing July 18, 2005, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months before the expiration of the five-year period, upon furnishing satisfactory proof that during that period he (a) refrained from practicing or attempting to practice law, (b) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), and (c) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, David B. Duboff, admitted as David Bennett Duboff, shall desist and refrain from (1) practicing law in any form, ei-

ther as principal, agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, David B. Duboff, admitted as David Bennett Duboff, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).